Van Rensselaer *v.* Aikin

———————— • ● • ————————

## VAN RENSSELAER *vs.* AIKIN.

A mutual agreement, by which persons interested in the reparation of a highway promise to pay to one of their number the sums severally subscribed by them, to be expended for that purpose, is valid and obligatory; there being a consideration in the benefit to be derived from the completion of the work sufficient to support the promise to pay, accompanied by a request to do the work.

An action is maintainable upon such an instrument, on another ground. The agreement may be regarded as a conditional promise or proposition to pay for the reparation of the road; and the repairs having been made, that is an acceptance of the offer or proposition, and a performance of the condition, rendering the liability of the subscribers fixed and absolute.

The person to whom the subscriptions are made payable is the person through whose instrumentality the work is to be performed, if no other person is designated in the instrument for that purpose; and having assumed the

Van Rensselaer *v.* Aikin.

work, and caused it to be completed, he has a right to demand payment and authority to enforce the subscriptions.

He has also a right to assign his interest in the agreement to another, and the assignee may sue thereon.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover the sum of $100 subscribed by the defendant and several others, to a paper in these words:

"Whereas an appeal has been made from the order of the commissioners of highways of the town of Clinton, opening a certain highway, upon the petition of Volkert P. Dow and others. And whereas, the undersigned are in favor of retaining the present road, provided the same can be permanently repaired: Now therefore this article witnesseth, that in case the referees appointed to hear and decide the appeal shall reverse the said order of the commissioners, we do hereby promise and agree to pay to J. V. B. Teller, the sums by us respectively subscribed, to be expended in repairing the road in front of G. G. Van Rensselaer's lot, according to the stipulations presented to us.

Dated, Clinton, September 12, 1855."

The action was referred to a referee, for trial and decision, who found the following facts: That on the 12th day of September, 1855, there was pending a certain appeal from the order of the commissioners of highways of the town of Clinton, opening a highway and discontinuing a section of an old road located along the bank of the Hudson river, and passing by the residence of the defendant, through the lands of the plaintiff, to the city of Albany. That on that day the parties to this action, conjointly with other persons, executed and delivered to Jacob V. B. Teller, the paper above mentioned. That intermediate the execution of said subscription paper and the bringing of this action the decision of the commissioners of highways mentioned in the paper was in all things reversed. That upon such reversal the plaintiff repaired the old road, at the place and accord-

ing to the plans and stipulations referred to in the said subscription paper, and to the satisfaction of the defendant. That the defendant subscribed $100, and had not paid the same, or any part thereof, to any person. That the expense and value of the work performed by the plaintiff, in making such repairs, exceeds the sum of $2000. That before this suit was brought, Teller transferred all his right and interest under said subscription paper to the plaintiff, and at the same time paid his own subscription to the plaintiff. That Teller, under and by virtue of said subscription paper, never made or caused to be made, any repairs to said road, and never received or expended any money for that purpose. That the repairs made by the plaintiff and contemplated by the subscription paper were beneficial to the defendant.

The referee found the following conclusions of law, viz: That the subscription paper executed by the defendant amounted to a request to perform the work contemplated in it, and that the subsequent performance of such work rendered the defendant's agreement obligatory upon him. And that the plaintiff was entitled to judgment against the defendant, in the sum of $100, with interest, and costs.

Judgment being entered in accordance with this report, the defendant appealed.

*S. H. Higgins* and *D. L. Seymour*, for the appellants.

*W. A. Beach*, for the respondent.

*By the Court*, MILLER, J. By the agreement upon which this action is founded, the defendant and other subscribers promised to pay to J. B. V. Teller, the sums subscribed by them, to be expended in repairing a certain road. The work was done by the plaintiff, who was one of the subscribers, and after it was completed, Teller assigned over to him all his interest in the agreement. No special provision is made in the agreement, by which any particular person was desig-

nated to expend the money, or by which it was to be done under the direction of any particular subscriber.

The effect and substance of the subscription would appear to be a mutual agreement by which the subscribers, who from the fact of signing the paper (if nothing more) would seem to be interested in the reparation of the road in question, agreed to pay to one of their number certain sums of money to be expended for that purpose.

The principal question presented in this case is whether there was any consideration for the promise of the defendant. There is a class of cases which hold that voluntary engagements to pay money for educational, religious, charitable and other public purposes are without consideration and void. The distinction between these cases and others which sustain agreements of a similar character is so nice and so critical that it is often difficult to determine upon what ground such distinction is upheld.

The defendant in this case relies mainly upon several leading cases to sustain the position that the alleged promise contained in the paper subscribed by him, can not be enforced, and is invalid and ineffective. *Hamilton College* v. *Stewart*, (1 *N. Y. Rep.* 581) is the most prominent reported case in this state upon the point now considered, and it has been so frequently discussed and commented upon, in subsequent decisions of similar questions, that it is not necessary to state it very much at length. It arose upon a subscription for the benefit of the plaintiff. The corporation did not undertake to do any thing, and there was no request by the defendant that it should. It was conceded by the learned judge who delivered the opinion of the court, that if the subscription had furnished evidence of a request to the plaintiff, by the defendant, to perform certain services, in consideration of which he promised to pay the sum subscribed by him, the right of the plaintiff would have been unquestionable. (*See also Barnes* v. *Perine*, 9 *Barb.* 207, 208; *S. C.* 2 *Kern.* 30.)

The cases of *Limerick Academy v. Davis*, (11 *Mass. Rep.* 113,) and *Bridgewater Academy* v. *Gilbert*, (2 *Pick.* 578,) were mere naked subscriptions, the one for erecting, the other for rebuilding an academy, with no evidence in either case to show that the defendant had taken any part in the subsequent proceedings of the corporation; or had done any act sanctioning what had been done; or that he had any interest in the completion of the proposed building; or any knowledge that any expenses had been incurred on the faith of these subscriptions.

It may be observed in reference to the last two cases that they are the only cases to which our attention has been directed which go to that extent.

The case under consideration is distinguishable from those cited, in many particulars. The road upon which the improvements now in question were made and the money expended had been opened by an order of the commissioners of highways, and an appeal having been taken from that order, there was danger that the order might be reversed. The defendant lived on the same road, which ran along the Hudson river, although south of the work which was done, and he, with others, in order that the work might go on, obligated themselves to pay money for its reparation, according to certain stipulations which had before then been entered into. He was therefore apparently interested in the completion of this work, and agreed to pay a certain sum to Mr. Teller, to be expended for that purpose. Here was a request that the work should be done, by a party who resided in the vicinity of the contemplated improvement, and who was to be benefited by the same, directly or indirectly. Here was a benefit to be derived by the defendant from the completion of the work, which would support the promise to pay, accompanied by a request to do it.

I think that such a promise can be upheld within the principle of several adjudged cases. In *The First Religious Society of Whitestown* v. *Stone*, (7 *John.* 113,) a subscription

paper to pay the trustees, for the support of a minister of the gospel, was held to be valid. In *McAuley* v. *Billenger*, (20 *John.* 89,) the defendant agreed to pay, to the committee appointed for that purpose, a certain sum for the repairs of the church, and it was held that the consideration for the defendant's promise was the repairing of the church, and by signing the subscription paper, the defendant sanctioned the acts of the meeting, and recognized the acts of the committee appointed to receive the subscription money and to contract for the repairs. Gardiner, J. in 1 *Comst.* 581, in commenting upon this case, says: "According to the view of the court, it was in effect a written request," &c.

In *Barnes* v. *Perine*, (9 *Barb.* 202 ; 15 *id.* 249 ; 2 *Kern.* 18,) where the defendant had subscribed for the rebuilding of a church edifice and took part in the proceedings of several meetings in regard to the subject matter, it was held that it was a case of services rendered and expenses incurred, by the trustees, at the request and by the direction of the defendant, for which an action would lie, on the subscription paper. (*See also The Wayne, &c. Collegiate Institute* v. *Smith*, 36 *Barb.* 576 ; *The Richmondville Seminary* v. *Brownell*, 37 *id.* 535.)

In most of these cases the validity of the agreement was sustained upon the ground that there was a request, express or implied, to do the very thing provided for in the instrument ; and it having been done accordingly, and there being a promise of payment, the liability to pay was complete.

There is also another ground upon which I think the liability of the defendant is maintainable, within some of the cases cited. The agreement of the defendant may be regarded as a conditional promise or proposition to pay for the reparation of the road ; and it having been done, it is an acceptance of that offer or proposition. (9 *Barb.* 211. 36 *id.* 583.) Gratuitous promises or propositions to pay money upon condition, or upon the happening of some event, or doing of some act, or incurring some expense, loss or legal

obligation, become binding as legal and valid contracts, upon acceptance and performance of the stipulated conditions. And when the party proceeds to act upon the faith of the engagement thus entered into, and to expend money or to incur liabilities, the proposition made is deemed accepted and the liability fixed. (36 *Barb.* 584, *and cases there cited.*)

Upon this principle it appears that the expenses incurred in the present case were legitimate and proper. The defendant agreed to pay for such a purpose. The terms of the contract were complied with, a complete contract perfected, and the defendant's liability became fixed and absolute.

An objection is urged, that Teller himself did not expend the money on the faith of the subscription, and was not authorized to do so. Teller was the individual named to whom the money was to be paid, although there was no particular person designated, who was to perform the work. It may perhaps be questionable whether it was not intentionally left as it was, without naming any one, so that any one of the subscribers could do it who was willing to perform that duty. As, however, the money was payable to Teller, and was to be expended in repairing the road, I am inclined to think that it was either to be done by him or under his direction or with his authority or approbation. It necessarily passed through his hands, and hence I think it may be assumed, as a fair and sensible construction of the contract, that he was the person through whose instrumentality the agreement was to be carried out.

Nor was it intended that he personally should be obliged to do the work. He had an undoubted right to employ others, if he chose, and it was no change of the terms of the contract, if he did so. So long as it was done with his approbation and authority, or by his direction, and there is no evidence to show that it was improperly done, it was performed within the spirit and meaning of the contract. It was to be done according to the stipulation. Of this, Mr. Teller was constituted the sole judge. He was to pay for the expendi-

ture, and to determine who was to be paid. He was to receive the money and to expend it, or to see that it was properly expended. He assumed the work, and had a right to demand payment, and authority to enforce the subscription. He had also a right to assign his interest to the plaintiff, and the plaintiff as his assignee is entitled to maintain this action.

I have examined the several objections taken to the findings of the referee, and I do not think that any of them are well founded. At any rate they are not of sufficient importance to affect the questions involved in the case, which I have discussed.

I discover no error on the trial, or in the decision of the referee, and think the judgment should be affirmed.

Judgment affirmed.

[ALBANY GENERAL TERM, March 6, 1865. *Peckham, Miller* and *Ingalls,* Justices.]